CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 04 2010

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SANDRA LEHRER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:10CV00498 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| DR. RODNEY POFFENBERGER, et al., | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendants. | ) |

The plaintiff, Sandra Lehrer, proceeding pro se, filed this action on November 3, 2010, naming Dr. Rodney Poffenberger and Jefferson Surgical Clinic as defendants. The court granted the plaintiff's contemporaneously filed motion to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). After conducting an initial screening of this action, however, the court concludes that it must be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## Factual Background

The plaintiff worked as a nurse at Jefferson Surgical Clinic from 1998 until her resignation in January of 2009. For the first five years of her employment, the plaintiff worked at one of the clinic's offices in Roanoke, Virginia. She later transferred to an office in Salem, Virginia, where she worked with Dr. Poffenberger.

The plaintiff alleges that "[f]rom the beginning [she] saw and heard the sexual gestures and remarks [Dr. Poffenberger] made to his secretary." The doctor eventually turned his attention to the plaintiff. The plaintiff alleges that he talked to her in a "dirty manner" and engaged in unwanted physical contact. When the plaintiff "refused to join in," Dr. Poffenberger

threatened to call the plaintiff's manager and complain about the plaintiff's job performance. The plaintiff alleges that this behavior continued until the end of 2008, when Dr. Poffenberger froze her salary and indicated that the plaintiff would not receive a Christmas bonus.

The plaintiff alleges that when she complained to Karen Tuttle, another Jefferson Surgical Clinic employee, Tuttle advised her to do whatever Dr. Poffenberger wanted to keep him happy. During a subsequent meeting with Tuttle and two physicians, Tuttle acknowledged that she had seen Dr. Poffenberger engage in inappropriate conduct with the plaintiff. The doctors asked the plaintiff to continue working for the clinic. However, at the end of the meeting, one of the doctors told the plaintiff that she "might have to sit on his lap and laughed." The plaintiff subsequently resigned.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-657 (4th Cir. 2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Engineering, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

2

## Discussion

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, a case can be originally filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

Although the plaintiff does not specifically cite to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., her complaint can be construed to assert a claim for sexual harassment under that statute. See Howard v. Winter, 446 F.3d 559, 565 (4th Cir. 2006) ("Title VII is violated when the workplace is permeated with [sex-based] intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.") (internal citation omitted). While a Title VII action may be filed in federal court since it arises under the laws of the United States, the statute "specifies with precision the jurisdictional prerequisites that an individual must satisfy before [she] is entitled to institute a lawsuit." Alexander v. Garner-Denver Co., 415 U.S. 36, 47 (1974) (emphasis added). These prerequisites include: (1) the filing a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC); and (2) the receipt a notice of right to sue from the EEOC. See 42 U.S.C. § 2000e-5.

The United States Court of Appeals for the Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." Davis v. N.C. Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995); see also United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979) "[A]

3

plaintiff in a civil action under Title VII must allege and prove filing of a timely charge of discrimination with the [EEOC] together with the receipt of, and action on, a statutory notice of his right to sue."). Thus, "where . . . the complaint [does not allege] that the plaintiff has 'complied with these prerequisites,' the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'" Davis, 48 F.3d at 140 (quoting United Black Firefighters, 604 F.2d at 847).

In this case, the plaintiff does not allege that she satisfied the jurisdictional prerequisites to filing suit under Title VII. There is no indication that the plaintiff filed a charge of discrimination with the EEOC or that she received a notice of right to sue from that agency. Accordingly, the plaintiff has not properly invoked the court's jurisdiction under Title VII, and any claims filed pursuant to that statute must be dismissed.

To the extent the plaintiff's complaint could be construed to assert tort claims under Virginia law, there is no independent basis for the court to exercise jurisdiction over such claims. To invoke the court's diversity jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy must exceed $75,000.00. Here, it appears that both the plaintiff and the defendants are residents of Virginia, and the complaint does not allege a particular dollar amount. As a result, the plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction.

## Conclusion

For the foregoing reasons, the court concludes that the instant action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure. Such dismissal shall be without prejudice. The action may be refiled by the plaintiff if she is able

4

to satisfy the jurisdictional prerequisites for filing suit under Title VII or the requirements for diversity jurisdiction.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 4th day of November, 2010.

                                                                             Chief United States District Judge